## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jeffrey B. Allison,

                    Petitioner,      Case No. 21-11985

v.                                Judith E. Levy
                                    United States District Judge

Bryan Morrison,

                                    Mag. Judge Anthony P. Patti
                    Respondent.

_____/

## OPINION & ORDER DISMISSING THE HABEAS PETITION [1], DENYING A CERTIFICATE OF APPEALABILITY & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Jeffrey Bernard Allison filed a habeas corpus petition under 28 U.S.C. § 2254. Petitioner is currently confined at the Cooper Street Correctional Facility in Jackson, Michigan. He was convicted of possession of 50 to 449 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iii), possession of less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), and possession of marijuana, Mich. Comp. Laws § 333.7401(2)(d), following a jury trial in the Oakland County Circuit Court. He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 11 to 40 years imprisonment and 3 to 15 years imprisonment on the heroin and cocaine

convictions and to time served on the marijuana conviction in 2015. In his pleadings, he raises claims concerning the effectiveness of trial and appellate counsel, his innocence, his confrontation rights, and the jury verdict form. (ECF No. 1.)

On September 7, 2021, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. (ECF No. 2.) Petitioner filed a timely response to the Court's show cause order asserting that he faced a state-created impediment and that he is entitled to equitable tolling of the one-year period due to his actual innocence. (ECF No. 4.)

Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed without prepayment of fees on appeal must be denied.

## I. Background

Petitioner's convictions arise from the Oakland County Sheriff's Department's surveillance of a residence in Pontiac, Michigan, a confidential informant's controlled purchase of drugs from Petitioner

and/or his co-defendant Andrew Johnson, and the search of the residence in which detectives from the Oakland County Sheriff's Department seized heroin, cocaine, marijuana, drug paraphernalia, cell phones, and cash. *People v. Allison*, No. 328523, 2016 WL 7427653 (Mich. Ct. App. Dec. 22, 2016)

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the admission of text messages at trial. The court denied relief on those claims and affirmed his convictions. *Id.* Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Allison*, 400 Mich. 1022 (2017).

Petitioner subsequently pursued post-conviction collateral review in the Michigan courts. State court records indicate that he filed a motion for relief from judgment with the state trial court in 2019. *See People v. Allison,* No. 2015-253244-FH (Oakland Cnty. Cir. Ct. Nov. 5, 2019). In that motion, he raised claims concerning the effectiveness of trial and appellate counsel, the jury verdict form, and his innocence. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3), finding that Petitioner failed to establish good cause and actual prejudice

or his actual innocence. *People v. Allison*, No. 15-253244-FH (Oakland Cnty. Cir. Ct. Nov. 4, 2019); (ECF No. 1, PageID.47–54.) Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Allison*, No. 354191 (Mich. Ct. App. Oct. 16, 2020); (ECF No. 1, PageID.46.) He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied, *People v. Allison*, 507 Mich. 931 (2021); (ECF No. 1, PageID.45), as was his motion for reconsideration. *People v. Allison*, 507 Mich. 1008 (2021); (ECF No. 1, PageID.44.) Petitioner subsequently filed his federal habeas petition on August 12, 2021. (ECF No. 1.)

## II.   Analysis

### A. Petitioner failed to file his federal habeas petition within AEDPA's one year period of limitation.

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on June 27, 2017. Petitioner's convictions became final 90 days later when the time for seeking a writ of certiorari with the United States Supreme Court expired, on or about September 25, 2017. *See* U.S. Sup. Ct. Rule 13(1); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Accordingly, Petitioner was required to file his federal habeas petition by September 25, 2018, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner appears to have filed his motion for relief from judgment

with the state trial court on October 1, 2019.[1] Thus, the one-year period expired well before he sought post-conviction collateral review in the Michigan courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not restart after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date his federal habeas petition until August 12, 2021, long after the one-year period had expired. His habeas petition is thus untimely and subject to dismissal.

## B. Petitioner fails to demonstrate that an extraordinary circumstance stood in his way.

Petitioner alleges that he is entitled to equitable tolling of the one-year period. (ECF No. 4, PageID.69.) AEDPA's one-year statute of

---

[1] In his response to the Court's show cause order, Petitioner indicates that he filed his motion for relief from judgment on April 17, 2019. (ECF No. 4, PageID.70.) The state court docket sheet does not show such a filing, but the motion on October 1, 2019 is labeled as an amended motion. Even if April 17, 2019 was the initial filing date, however, the habeas petition is still untimely.

limitations is not a jurisdictional bar and is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling, stating that he "has been pursuing his rights diligently" and that he was prevented from timely filing because of a state-created impediment. (ECF No. 4, PageID.69.) Petitioner argues that the state-created impediment was that he "could not have presented his new evidence . . . until Michigan amended its Court rules." (*Id.* at PageID.70.) The Michigan

8

Court Rules were amended on January 1, 2019, adding Michigan Court Rule 6.502(G)(3). (*Id.* at PageID.69–70.) Rule 6.502(G)(3) provides an additional exception to the rule that defendants may only file "one and only one motion for relief from judgment," stating that a defendant may file an additional motion if there is a claim of new scientific evidence. Petitioner argues that he "could not have presented his new evidence under the scientific concept until Michigan amended its court rules" and that, after the Court Rule changed, Petitioner sought laboratory reports to support his actual innocence claim. (*Id.* at PageID.69–70.)

Michigan Court Rule 6.502(G)(3), however, is inapplicable to the case at hand. Rule 6.502(G) describes situations in which defendants may file more than one motion for relief from judgment. The motion for relief from judgment that Petitioner filed in 2019 was his first. (*See* ECF No. 1, PageID.3–4.) Moreover, Rule 6.502(G)(3) did not prevent Petitioner from seeking the laboratory reports via a FOIA request. Thus, Rule 6.502 is irrelevant as to Petitioner's ability to raise his collateral review issues in the state courts within the applicable one-year period.

Additionally, Petitioner fails to explain with any specificity when he obtained the laboratory reports (or other evidence in support of his

actual innocence claim), why he did not seek such materials in a   timely manner, why such materials could not have been obtained from trial or appellate counsel, or why such materials were necessary for him to seek collateral review in state or federal court. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751–52 (E.D. Mich. 2002).

### C. Petitioner does not make a credible showing of actual innocence.

Petitioner also asserts that he is entitled to equitable tolling due to his actual innocence. (ECF No. 4, PageID.71.) A credible showing of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588–90 (6th Cir. 2005). To support a credible claim of actual innocence, the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McGuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial."

*Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

### i.    *The Report on Evidence Tag Number 549618*

Petitioner does not make a credible showing of actual innocence in his pleadings. Petitioner first asserts that he is innocent because the laboratory documents demonstrate that there was no "presence of any controlled substances on evidence tag number #549618." (ECF No. 4, PageID.75.) Petitioner states that this evidence "prove[s] he had nothing to do with the alleged substances." (*Id.* at PageID.69.) Petitioner, however, does not attach the relevant report, does not indicate which, if any, of his convictions, was based upon that particular piece of evidence, and does not articulate how this evidence would have changed a reasonable jury's decision to convict him.

Moreover, Petitioner states that defense counsel knew that Chemist Rachel Topicio tested the substances and that her analysis

yielded some discrepancies at the time of trial but did not call her as a witness and stipulated to her absence at trial. (ECF No. 1, PageID.16–17.) Thus, such information was present at trial and is not newly-discovered. Lastly, and significantly, Petitioner neither alleges nor establishes that other evidence taken from the residence did not contain heroin and cocaine.

ii.   *The Lack of Fingerprints and the Lack of Drugs on His Person*

Petitioner also asserts that he is actually innocent because his fingerprints were not found on the baggies or money seized from the residence and he did not have drugs on him when he was arrested after leaving the residence. (ECF No. 4, PageID.72.) Petitioner does not attach any lab reports.

Petitioner fails to establish actual innocence. First, this information is not newly-discovered and was available at the time of trial. In fact, Petitioner states that defense counsel entered into a stipulation regarding a lab report and waived a report by Laboratory Specialist Robert Kotelas, Jr. (ECF No. 1, PageID.15–16.) Furthermore, according to the trial court, the lack of Petitioner's fingerprints at the residence was

12

addressed by counsel at trial. (*Id.* at PageID.51.)

### iii.    *Deputy Jason Teelander's Affidavit*

Lastly, Petitioner asserts that he is actually innocent because Deputy Jason Teelander's affidavit in support of the search warrant for the residence did not have any indication that Petitioner was involved with the drugs. (ECF No. 4, PageID.74.) Again, this affidavit is not newly-discovered and was available at the time of trial. Additionally, contrary to Petitioner's argument, the affidavit links him to the drugs because it references a confidential informant's contact with a man to buy drugs and Deputy Teelander's and/or Deputy Daniel Main's observations of Petitioner and co-defendant Andrew Johnson leaving the residence, driving to the pre-arranged location in a GMC Envoy, and selling cocaine to the confidential informant. (ECF No. 4, PageID.80.)

While Petitioner argues that the evidence submitted at trial was insufficient to support his convictions, such an argument goes to the legal sufficiency of his convictions and does not establish his factual innocence. *See Bousley*, 523 U.S. at 623.

Petitioner fails to establish that he is entitled to equitable tolling of the one-year period based upon actual innocence. His habeas petition is

therefore untimely and must be dismissed.

## III.   Conclusion

The Court concludes that the habeas petition is untimely. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484. In this case, jurists of reason could not find the Court's procedural ruling

that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed without prepayment of fees on appeal.

**IT IS SO ORDERED.**

Dated: October 19, 2023                    s/Judith E. Levy
    Ann Arbor, Michigan                    JUDITH E. LEVY
                                   United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2023.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager